The judgment of the court was pronounced by
Slidell, J.
The plaintiff bought at a sheriff’s sale, for $53, a due bill for $355 55, made by the defendants in favor of Bulkley. At the time of the purchase, there was an endorsement upon the due bill in these words : “ Received on the within note $225 46, January 11, 1849.” And there is reason to believe, from the evidence, that the plaintiff knew before he bought that there were also offsets against the note.
*651 We consider the plaintiff as standing in the shoes of Bullcley, and subjected to any equitable defence which the defendant could have set up against Bullcley were he plaintiff in the cause.
There was an attempt in the court below to resist the introduction of evidence to prove the claims pleaded by the defendants, upon the ground that they were unliquidated. But supposing, for the sake of argument, that they were so, the defendants would have had a right to protect themselves by reconvention, if Bullcley himself had been plaintiff, he having left the State. It is equitable that the plaintiff should be considered as standing in no better position, having taken the due bill subject to existing equities.
The defendants are, unquestionably, entitled to a credit for the payment endorsed on the note. It is proved that the endorsement is in the handwriting of one of the defendants; and a witness states that Bullcley being indebted in a sum of two hundz-ed dollars and upwards to one Scarborough, the defendants settled with Scarborough, and it was to be placed on the due bill as a credit. Besides, here was an instrument which is produced by the creditor, which the law supposes to have gone into the possession of him, or those under whom he claims, at its date, and to have remained in their or his possession and control. The presumption is, that the holder would not have permitted a receipt to be written on the instrument in his possession, unless a payment had been made. The burden is on him to resist this presumption, and show that the receipt came there by fraud or mistake. See Pothier on Obligations, No. 761. Norcross v. Thouer, 3 R. R. 375.
We consider it satisfactorily proved, that the credit endorsed upon the note did not include the items of the account for $94 87.
A review of the evidence has not satisfied us that the verdict of the jury has not done justice to the parties.
We may observe, that it may admit of question whether this court has jurisdiction of this case, considering the amount in dispute ; and if we had thought the judgment erroneous, we should have looked more closely to that question. As we see no reason to reverse the judgment, the question of the jurisdiction of this court is not material to the parties.
Judgment affirmed; plaintiff paying the costs of the appeal.